**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| SHAID IMAN OMAR, | : | |
| Petitioner | : | |
| v | : | Civil Action No. DKC-09-1474 |
| | | Criminal No. DKC-99-0021 |
| UNITED STATES OF AMERICA | : | |
| Respondent | : | |

o0o

**MEMORANDUM OPINION**

On June 5, 2009, Petitioner filed the above-captioned Motion to Vacate pursuant to 28 U.S.C. §2255. Paper No. 44. For the reasons that follow, the motion to vacate must be dismissed without prejudice for lack of jurisdiction.

Petitioner filed his first Motion to Vacate on October 12, 2001. Paper No. 29. A state court conviction that affected his criminal history calculation had been vacated, thus altering the sentencing guidelines. The Motion was granted on January 8, 2002. Petitioner's sentence, imposed on June 19, 2000, was vacated, and Petitioner was re-sentenced on February 15, 2002. The judgment was further amended on April 3, 2003, to correct a clerical error. Paper Nos. 32, 38 and 40, Criminal No. DKC-99-0021. The instant motion challenges Petitioner's original guilty plea proceeding. He is not challenging solely something that happened at the resentencing proceeding. Thus, this motion represents a second or successive §2255 challenge to Petitioner's conviction. *In re Taylor*, 171 F.3d 185, 187-88 (4th Cir. 1999):

> [W]e hold that the § 2255 motion which Taylor presently seeks to file is not "second or successive" within the meaning of the AEDPA amendments to 28 U.S.C.A. § 2255 because Taylor expressly seeks to raise only those issues that originated at the time of

> his resentencing, after his first § 2255 petition had been granted. Thus, it is Taylor's first opportunity to assert new issues which arose during his resentencing hearing. *See Walker v. Roth*, 133 F.3d 454, 455 (7th Cir.1997) (holding that a habeas petition which seeks to raise only new issues arising from a resentencing is not "second or successive" for purposes of the AEDPA); *Esposito v. United States*, 135 F.3d 111, 113-14 (2d Cir.1997) (finding subsequent petition was not second or successive because the defendant only sought to vacate an amended sentence on grounds which arose during resentencing).

The situation here is the direct reverse of the *Taylor* scenario. Petitioner seeks to challenge the underlying conviction, and not merely the sentence imposed after his first successful petition. As such, the motion may not be considered absent leave to do so from the Fourth Circuit Court of Appeals. *See* 28 U.S.C. §§2244(b)(3)(A)& 2255; *In re Avery W. Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (*en banc*). Under 28 U.S.C. §2255:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Petitioner has not received the proper certification from the Fourth Circuit. Consequently, this court may not consider the merits of his claim unless and until certification is obtained.

The United States Court of Appeals for the Fourth Circuit has set forth instructions for the filing of a motion to obtain the aforementioned authorization order. The procedural requirements and deadlines for filing the motion are extensive. Consequently, the court shall provide Petitioner a packet of instructions promulgated by the Fourth Circuit which addresses the comprehensive procedure to be followed should Petitioner wish to seek authorization to file a successive petition

with the appellate court. It is to be emphasized that Petitioner must file his pleading with the Fourth Circuit Court of Appeals and obtain authorization to file his successive petition before this court may examine his claims.

    A separate order follows.


Date:  November 20, 2009             /s/  
                                              DEBORAH K. CHASANOW  
                                              United States District Judge